WENDELL PHILLIPS AND CARMEN C. PHILLIPS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket Nos. 34870-83, 19471-84.
United States Tax Court
T.C. Memo 1987-97; 1987 Tax Ct. Memo LEXIS 93; 53 T.C.M. (CCH) 170; T.C.M. (RIA) 87097; February 17, 1987. *93 B. Gray Gibbs and Ronald G. Hock, for the petitioners. Keith H. Johnson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1980 and 1981 in the amounts of $10,094.17 and $6,245, respectively. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision only whether income earned by Wendell Phillips, (petitioner) from employment by the Panama Canal Commission during the years 1980 and 1981 is exempt from United States income taxation under the authority of Article XV, paragraph 2 of the Agreement in Implementation of Article III of the Panama Canal Treaty. T.I.A.S. No. 10031. Petitioners filed a Motion for Partial Summary Judgment shortly before this case was to be called for trial in Tampa, Florida. The basis of the motion was that this Court under its holding in Golsen v. Commissioner,54 T.C. 742-757 (1970), affd. on another issue 445 F.2d 985 (10th Cir. 1971), should determine the issue raised in this case on the basis of the decision of the United States Circuit *94 Court of Appeals for the Eleventh Circuit in Harris v. United States,768 F.2d 1240 (11th Cir. 1985). The Court heard argument on petitioners' motion and took it under advisement but directed that the trial proceed. One of the issues between the parties at the trial was whether petitioners were residents of Florida or of the Republic of Panama at the time the petitions in this case were filed. In each of the petitions filed in this case, one on December 15, 1983, and the other on June 18, 1984, petitioners alleged that they were residents of Balboa, Republic of Panama. However, at the trial the petitions were amended and petitioners alleged that they were in fact residents of Florida at the time the petitions were filed claiming for that reason that an appeal in this case would go to the United States Circuit Court of Appeals for the Eleventh Circuit. Because of the decision of the Supreme Court in O'Connor v. United States, 479 U.S.     (Nov. 3, 1986), it is no longer of consequence whether petitioners resided in Florida or the Republic of Panama at the time the petitions in this case were filed. Therefore, without extended discussion, we hold that at *95 the time the petitions in this case were filed, petitioners were residents of Balboa, Republic of Panama. Also, because of the decision of the Supreme Court in O'Connor v. United States,supra, we are not separating our Findings of Facts and Opinion. The uncontested facts in this case bring it squarely within the holding of the Supreme Court in O'Connor v. United States,supra.
Petitioners, husband and wife, who resided in Balboa, Republic of Panama, at the time their petitions in this case were filed, filed Federal income tax returns for the calendar years 1980 and 1981 with the Internal Revenue Service Center, Atlanta, Georgia. Petitioner, Wendell Phillips, was born in St. Andrews, Columbia. In 1950 he came to the United States and became a resident of Miami, Florida. On March 15, 1957, he became a naturalized citizen of the United States. By letter dated June 29, 1968, petitioner was employed by the Panama Canal Company to pilot ships through the Panama Canal. Petitioner remained employed in this capacity through November 28, 1983, at which time he was involuntarily retired. From the early 1900's to 1979, the United States exercised sovereignty over the *96 Panama Canal and a surrounding strip -- the Panama Canal Zone. In 1977, the United States and Panama signed a treaty which was ratified by the United States Senate on April 17, 1978. This treaty took effect on October 1, 1979. The treaty transferred sovereignty over the canal and canal zone to Panama but reserved to the United States the right to operate the canal until December 31, 1999. The Panama Canal Commission, a United States Government agency, was established as the operator of the Panama Canal. Therefore, after October 1, 1979, petitioner's employer was the Panama Canal Commission rather than the previous Panama Canal Company. However, petitioner's actual work remained the same. Article III of the Panama Canal Treaty dealt with the operation and management of the canal. This article provided that the rights and legal status of employees of United States Government agencies operating in the Republic of Panama shall be governed by an Agreement in Implementation of Article III. The Implementation Agreement was signed simultaneously with the treaty. Article XV of that agreement, entitled "Taxation," provided among other things that: United States citizen employees and *97 dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama. It is the above section of the Implementation Agreement that petitioner contends exempts him from the payment of taxes on his earnings as an employee of the Panama Canal Commission. There has been substantial litigation on the question of whether wages earned in the Republic of Panama as an employee of the Panama Canal Commission by a United States citizens are subject to United States Federal income tax. This Court held in several cases that these earnings were subject to such tax. In Coplin v United States,761 F.2d 688 (Fed. Cir. 1985), the United States Court of Appeals for the Federal Circuit likewise held wages received by a United States citizen from the Panama Canal Commission to be subject to United States income tax. In Harris v. United States,768 F.2d 1240 (11th Cir. 1985), the United States Circuit Court of Appeals for the Eleventh Circuit held that payments to a *98 United States citizen for performance of work in the Republic of Panama for the Panama Canal Commission were not subject to United States Federal income tax. The Supreme Court in O'Connor v. United States,supra, affirmed the holding of the Circuit Court for the Federal Circuit in Coplin v. United States, which it was considering along with the O'Connor case and another case, and held that wages earned by a United States citizen in the Republic of Panama from employment with the Panama Canal Commission were subject to Federal income tax. Because of this holding in O'Connor v. United States,supra, the issue is settled and needs no further discussion. [1]
Respondent filed a Motion for Stay of Proceedings on December 23, 1985, which was granted and this Court stayed the proceeding in this case until the opinion was rendered by the Supreme Court in the case of Coplin v. United States. That opinion was rendered on November 4, 1986, and, therefore, the stay under the order of this Court dated January 7, 1986, is no longer effective. We have decided the only issue presented for our decision *99 for respondent. Petitioners' Motion for Partial Summary Judgment is denied. However, since certain issues were disposed of by agreement of the parties, Decisions will be entered under Rule 155.
Footnotes
1. See Pino v. Commissioner,T.C. Memo. 1987-28↩.